The **BALSAMO/OLSON GROUP, INC.,** The Stough Group, Inc. and Prairie View L.P.I., Plaintiffs,

v.

**BRADLEY PLACE LIMITED PARTNER-SHIP, Community Development Partners, Inc., Donald J. Gianone, Stephen E. Barron, David G. Lyon, Michael Buss, Michael Buss and Architects, William Worn and Associates, and Richard T. Gammonley Enterprises, Ltd. d/b/a The Gammonley Group, Defendants.**

No. 96–2131.

United States District Court, C.D. Illinois.

Jan. 24, 1997.

---

Daniel P. Wurl, Webber & Thies, Urbana, IL, Keith D. Parr, Michael J. Gaertner, Robert J. Pugliese, Lord Bissell & Brook, Chicago, IL, for Balsamo/Olson Group, Inc., Stough Group, Inc. and Prairie View LPI.

Mark J. Liss, Mark Joy, Leydig Voit & Mayer, Chicago, IL, for Bradley Place Ltd. Partnership, Community Development Partners, Inc., Donald J. Gianone and Stephen E. Barron.

James R. Vogler, Jeanne Marie Gills, Foley & Lardner, Chicago, IL, for David G. Lyon.

Katherine S. Gorman, Prusak & Winne, Peoria, IL, Robert J. Harris, Anurag Gulati, Stein Ray & Conway, Chicago, IL, for William Worn and Associates.

Martin A. Kanofsky, Merlo Kanofsky Brinkmeier & Douglas Ltd., Chicago, IL, for Richard T. Gammonley Enterprises Ltd.

### ORDER

BAKER, District Judge.

The plaintiffs are architects who designed multi-family senior citizen housing plans. The plaintiffs copyrighted their plans. Allegedly the defendants wrongfully used the plaintiffs' copyrighted plans to build a housing complex and to contract to build other similar complexes. The plaintiffs' copyrighted plans include artwork, architectural work, and technical drawings. In June, 1996, the court granted a preliminary injunction enjoining the defendants from further using, modifying or copying the plaintiffs' copyrighted plans during the pendency of the suit. Subsequently, the defendants moved to dismiss the state law counts of the complaint (III, IV and V) based on the federal preemption provisions of the Copyright Act, 17 U.S.C. § 301(a). The court now dismisses counts III, IV and V of the plaintiffs' Amended Verified Complaint for Injunctive Relief and Damages as preempted by the federal Copyright Act.

The complaint includes three state law counts. Counts III & IV allege violation of the Illinois Uniform Deceptive Trade Practices Act (UDTPA) 815 ILCS 510 et seq. Court V alleges tortious interference with prospective economic advantage, an Illinois common law cause of action. The defendants argue that these state law claims are preempted by the federal Copyright Act, 17 U.S.C. § 300 et seq.

The Copyright Act specifically provides that it preempts "all legal rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by § 106." 17 U.S.C. § 301(a). In turn, section 106 defines the federal domain as reproduction of the copyrighted work in copies, and, as distribution of copies of the copyrighted work to the public by sale or other transfer of ownership. 17 U.S.C. § 106(1)–(3). The issue before this court at this juncture is whether the complaint's claims of deceptive trade practices and of tortious interference with prospective contracts are equivalent to any of the exclusive rights outlined in section 106 of the federal Copyright Act. The court now finds the state and federal protections to be equivalent.

The Seventh Circuit has emphasized the wide breadth of the preemption provisions of § 301 in pointing out that § 301 "extended federal copyright protection to all works fixed in any tangible medium of expression

... whether they are published or unpublished. More importantly, however, § 301 expressly preempted rights under state law that are equivalent to any of the bundle of rights encompassed by a federal copyright." *Baltimore Orioles v. Major League Baseball Players,* 805 F.2d 663, 674 n. 20 (7th Cir. 1986) *cert. denied* 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987). *Baltimore Orioles* held that a state law claim/right is "equivalent" to one protected by the Copyright Act when two conditions are satisfied. First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of the Copyright Act, and, second, the state right must be equivalent to any of the rights specified in § 106. 805 F.2d at 674.

In the instant case, all parties and the court agree that the plaintiffs' artwork, architectural work, and technical drawings are fixed in tangible form and therefore come within the subject matter of copyright law. Therefore in this case only the second prong of *Baltimore Orioles* is at issue: whether the state rights under the Illinois Deceptive Trade Practices Act and under the common law prohibitions against tortious interference with prospective business advantage are equivalent to "any of the bundle of rights encompassed by a federal copyright." *Baltimore Orioles,* 805 F.2d at 674 n. 20.

### Uniform Deceptive Trade Practices Act

■ Counts III & IV of the complaint allege that the defendants violated the Illinois UDTPA's prohibition against deceptive trade practices that cause a "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services." 815 ILCS 510/2(2). Counts III & IV allege that the defendants deceptively caused confusion as to the source and authorship of the plaintiffs' architectural and technical drawings. This is in essence equivalent to a claim of copyright infringe-

ment and is therefore preempted by the federal Copyright Act, 17 U.S.C. § 301.[1]

The Illinois Act and the federal Copyright Act both protect against a non-author illegally using the author's work. In this case, the defendants allegedly used architectural drawings drawn by the plaintiffs. The defendants allegedly deceptively represented that the plaintiffs' drawings were the defendants'. This action would violate the UDTPA's prohibitions against creating confusion as to source, and would simultaneously violate a federal copyright owner's exclusive rights to prepare derivative works and to distribute copies of copyrighted works. Every copyright violation inherently involves some degree of misrepresentation as to the identity of the author, thus the misrepresentation (or intent) requirement of the UDTPA does not differentiate it from the Copyright Act.

Some non-binding cases exaggerate the importance of the UDTPA's "extra" element of misrepresentation or deception. *See, e.g., Gannett Satellite Information Network, Inc. v. Rock Valley Community Press, Inc.,* 1994 WL 606171 (N.D.Ill.1994); *Stillman v. Leo Burnett Co., Inc.,* 720 F.Supp. 1353, 1362 (N.D.Ill.1989). However, the Seventh Circuit in *Baltimore Orioles* points out the self evident truth that additional elements that "do not differ in kind from those necessary for copyright infringement" do not preclude preemption. 805 F.2d at 678 n. 26. The Illinois Uniform Deceptive Trade Practices Act does indeed focus on deception, as its title implies. In comparison, the federal Copyright Act's protection of copyrighted materials does not specifically mention deception or a synonym. However, this distinction does not alter the equivalence of the protections of the two statutes.

In one sense the UDTPA's "extra" element of deception/misrepresentation is the result of the format or set up of the statute, not of any actual difference in coverage. The UDTPA is set up in prohibitory terms—you shouldn't engage in deceptive trade practices.

---

1. *But see, Gannett Satellite Information Network, Inc. v. Rock Valley Community Press, Inc.,* 1994 WL 606171 (N.D.Ill.1994) (holding the Illinois UDTPA is not preempted by the federal Copyright Act); *Stillman v. Leo Burnett Co., Inc.,* 720 F.Supp. 1353 (N.D.Ill.1989) (holding the Illinois UDTPA is not preempted by the federal Copyright Act); *Nash v. CBS, Inc.,* 704 F.Supp. 823 (N.D.Ill.1989) *aff'd on other grounds,* 899 F.2d 1537 (7th Cir.1990) (holding the Illinois UDTPA is not preempted by the federal Copyright Act).

In contrast, the Copyright Act is set up in terms of what right a copyright owner holds—a copyright holder holds exclusive rights to use or sale. The Illinois Act warns bad guys against iniquity while the federal Act promises protection to good guys. Although formatted differently the two Acts are equivalent in that they protect copyright ownership against wrongful infringement. A legislature can either tell the fox not to steal the chickens or can place exclusive and protected rights to the chickens in farmers—the resulting laws are worded differently but are equivalent in their coverage. Congress' intent to preempt all equivalent state causes of action should not be defeated by a triumph of form over substance.

### Tortious Interference With Prospective Economic Advantage

■ Count V alleges that certain of the defendants committed tortious interference with prospective economic advantage. The plaintiffs claim they had a reasonable expectation of entering into future business relationships with local governments in Illinois to develop, construct and manage affordable senior citizen housing based on their copyrighted architectural drawings. Like the UDTPA claims, this tort claim is preempted by the Copyright Act because the tort is equivalent to § 106's grant to copyright owners the exclusive right to distribute their copyrighted work.

In *FASA Corp. v. Playmates Toys, Inc.*, 869 F.Supp. 1334 (N.D.Ill.1994) the court found Illinois' tortious interference cause of action to be preempted as equivalent to copyright rights. With respect to both the state law tortious interference claim and the copyright infringement claim it is the act of unauthorized publication which causes the violation. *FASA Corp.*, 869 F.Supp. at 1360 (citing *Harper & Row Publishers, Inc. v. Nation Enters*, 723 F.2d 195, 201 (2d Cir. 1983)). The plaintiffs in the instant case attempt to distinguish their state law claim from the rights protected by the copyright statute by arguing an additional element of intentional deception on the part of the defendants. But as in *FASA Corp.*, upon close examination, the court finds that "at their

core, it cannot be disputed that the unfair competition counts are predicated on exactly the same conduct as that underlying the copyright counts—*viz.*, copying unique designs." 869 F.Supp. at 1361.

The tortious interference claim, like the UDTPA claims, is preempted because it is in essence a claim of copyright infringement. The fact that the Illinois claims contain an element of deception or misrepresentation does not effect this court's preemption analysis. All of the state law claims are preempted by the broad reach of 17 U.S.C. § 301.

IT IS THEREFORE ORDERED THAT the defendants' motions to dismiss counts III, IV and V (docket # 68 & 72 & 77) are granted.