**Kathleen BURDICK and Roger Burdick, Plaintiffs,**

v.

**David W. KOERNER, Ronald E. Fawcett, Koerner & Fawcett, Inc., d/b/a The Family Tree a/d/b/a W.I.T. Publishing Co., The Thought Institute, Inc., Kenneth Forbeck, Forbeck & Monahan, S.C., ABC Insurance Company, Dr. Michael Kaye, EFG Insurance Company, Nikolaus J. Faessler, Linda S. Faessler, Randolph Zimmerman, Delores Bauer And Judy Pollard, Defendants.**

No. 96–C–547.

United States District Court, E.D. Wisconsin.

June 8, 1998.

Wayne Yankala, Mingo & Yankala, Milwaukee, WI, for plaintiff.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Presently before the court is the plaintiffs' motion for summary judgment with respect to the counterclaims asserted by the following defendants: Koerner and Fawcett, Inc., d/b/a the Family Tree and as W.I.T. Publishing Co., The Thought Institute, Inc., Ronald Fawcett, Randolph Zimmerman, David W. Koerner, Delores Bauer, Dr. Michael Kaye, Linda Faessler, Nikolaus Faessler and Judy Pollard [hereinafter, the "counterclaim defendants"]. The plaintiffs and defendant David Koerner filed a "Stipulation and Order for Dismissal of all Counterclaims Asserted by David W. Koerner Against the Plaintiffs, Kathleen Burdick and Roger Burdick." The stipulation and proposed order was signed by me on June 1, 1998, rendering moot the motion for summary judgment as it relates to David Koerner. In all other respects, the plaintiff's motion for summary judgment will be granted.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. *See* Rule 56(c), Federal Rules of Civil Procedure. Under Rule 56(c), the movant must show the following: (1) no genuine issue of material fact exists, and (2) its entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only "genuine" issues of "material" fact will defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

As defined by the United States Supreme Court, "material" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Id.* at 248, 106 S.Ct. 2505. A dispute over such material facts is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Id.* (citing *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). If the evidence presented by the party or parties opposing is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Id.* at 249–50, 106 S.Ct. 2505.

## II. UNDISPUTED FACTS

As required under Local Rule 6.05(a), the plaintiffs included with their motion for summary judgment proposed findings of fact which they believed constituted the factual propositions upon which there is no genuine issue of material fact. None of the defendants has filed a response to the proposed findings or to the motion for summary judgment. Upon deciding a motion for summary judgment, the court will conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no proper response is set out. *Stewart v. McGinnis,* 5

F.3d 1031, 1034 (7th Cir.1993), *cert. denied,* 510 U.S. 1121, 114 S.Ct. 1075, 127 L.Ed.2d 393 (1994); Local Rule 6.05(d). While the defendants' failure to respond to the plaintiffs' factual assertions requires this court to deem those factual assertions admitted, summary judgment in favor of the movant is not automatic. In such situations, a district court must make the further finding that given the undisputed facts, summary judgment is proper as a matter of law. *Wienco, Inc. v. Katahn Associates, Inc.,* 965 F.2d 565, 568 (7th Cir.1992).

In view of the above, the following uncontroverted proposed factual findings of the plaintiffs are deemed admitted. The plaintiff, Kathleen Burdick and defendants Ronald Fawcett and David Koerner proposed a business venture called Koerner, Fawcett & Burdick, Inc. to publish and sell various items regarding the criminal thought process, including a curriculum. The business venture referred to as Koerner, Fawcett and Burdick, Inc., was never incorporated under Wisconsin law. Koerner, Fawcett and Burdick, Inc. did business between approximately July 1993 and November 22, 1993.

A dispute arose over ownership of certain materials involving a curriculum dealing with the criminal thought processes. As a result of this dispute, the plaintiffs filed the instant copyright infringement action. In response, the counterclaim defendants filed four separate counterclaims for misappropriation and/or conversion, breach of fiduciary duty, defamation and copyright infringement.

Defendant Koerner & Fawcett, Inc., d/b/a The Family Tree and as W.I.T. Publishing Inc., is not represented by legal counsel nor is defendant The Thought Institute, Inc. with respect to the counterclaims that they have asserted.

On February 17, 1998, the plaintiffs served all of the defendants with requests for admission, interrogatories and production of documents regarding the counterclaims against the plaintiffs. As of April 14, 1998, only David Koerner responded to those submissions. The request for admissions contained the following three assertions:

> Request No. 1: You have no factual or legal basis to support any of the counterclaims asserted against the plaintiffs, Kathleen Burdick and Roger Burdick.

> Request No. 2: You sustained no actual damages as a result of any of the allegations set forth in defendants' counterclaims asserted against plaintiffs, Kathleen Burdick and Roger Burdick.

> Request No. 3: You have no objection to the court dismissing the counterclaims previously asserted on your behalf against the plaintiffs, Kathleen Burdick and Roger Burdick, in this litigation, such dismissal being with prejudice and without costs.

Kathleen Burdick was the sole cash investor in the business referred to as Koerner, Fawcett and Burdick, Inc. The plaintiffs at no time reproduced, distributed, transferred, displayed, performed, sold or prepared derivative works on any material for which David Koerner claimed a copyright.

### III. ANALYSIS

The plaintiffs argue that summary judgment is warranted against Koerner & Fawcett d/b/a/ The Family Tree and as W.I.T. Publishing and The Thought Institute, Inc. because they are not represented by counsel with respect to the prosecution of the counterclaims and, as corporate entities, they are not entitled to maintain a legal action without representation by counsel. While these corporate counterclaim defendants are represented by counsel with respect to their defense of the plaintiffs' claims, they are not represented by counsel with respect to the prosecution of their counterclaims. The court of appeals for the seventh circuit has held that a corporation must appear by counsel or not at all. *Strong Delivery Ministry Association v. Board of Appeals of Cook County,* 543 F.2d 32, 34 (7th Cir.1976); *Capital Group, Inc. v. Gaston & Snow,* 768 F.Supp. 264, 265 (E.D.Wis.1991).

These corporate counterclaim defendants do not oppose the plaintiffs' motion for summary judgment nor have they demonstrated that steps have been taken by them to obtain

legal representation concerning the prosecution of their counterclaims. Thus, it appears that dismissal of the counterclaims asserted by these corporate defendants is warranted.

With respect to the remaining counterclaim defendants, the plaintiffs argue that summary judgment is warranted because none of these defendants responded to the requests for admission, and, as a result, those requests are deemed admitted. Specifically, the plaintiffs argue that the remaining counterclaim defendants have admitted that (1) they have no factual basis to support any of their counterclaims, (2) they have sustained no damages as a result of their allegations, and (3) they have no objection to the dismissal of their counterclaims by the court. (Burdick Aff., Ex. D, Requests for Admission, Nos. 1–3.).

Requests for admission are governed by Rule 36, Federal Rules of Civil Procedure, which provides, in relevant part:

> (a) ... Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney....

Moreover, an admitted fact is considered "conclusively established" under Rule 36(b), Federal Rules of Civil Procedure. The court of appeals for the seventh circuit has held that the party to whom requests for admission are directed has an affirmative duty to act. *Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24 (7th Cir.1965), *cert. denied*, 383 U.S. 926, 86 S.Ct. 930, 15 L.Ed.2d 846 (1966). Failure to answer is an admission. *Id.* In addition, admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment. *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987). Rule 56(c), Federal Rules of Civil Procedure, provides, in part:

> The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.

The undisputed facts show that no response to the requests for admissions was made by any of the counterclaim defendants within the requisite 30–day period. Further, there is no evidence in the record demonstrating that the counterclaim defendants ever responded to the requests for admission.

 As a result of their failure to respond to the requests for admission, the counterclaim defendants are deemed to have admitted the following: (1) they have no factual basis to support any of their counterclaims, (2) they have sustained no damages as a result of their allegations, and (3) they have no objection to the dismissal of their counterclaims by the court with prejudice and without costs. (Burdick Aff., Ex. D, Requests for Admission, Nos. 1–3.). Based on these admissions, I find that the plaintiffs are entitled to summary judgment in their favor with respect to all of the counterclaims.

### ORDER

Therefore, IT IS ORDERED that the portion of the plaintiffs' motion seeking summary judgment in their favor with respect to the counterclaims asserted by defendant David Koerner be and hereby is dismissed, as moot.

IT IS ALSO ORDERED that in all other respects, the plaintiffs' motion for summary judgment with respect to the counterclaims asserted against them be and hereby is granted.

IT IS FURTHER ORDERED that all of the counterclaims asserted against the plaintiffs be and hereby are dismissed, with prejudice and without costs.