**GOES LITHOGRAPHY COMPANY, an Illinois Corporation, Plaintiff,**

v.

**BANTA CORPORATION, Microsoft Corporation, Banta Information Services Group d/b/a United Graphics Inc., Amgraf, Inc., Graphic Products Corporation and Solotype Typographers, Defendants.**

No. 97 C 7223.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 23, 1998.

Scott William Petersen, Robert James Depke, Hill & Simpson, Chicago, IL, for Goes Lithographing Co.

Sheldon Karon, Marianne C. Holzhall, Foley & Lardner, Chicago, IL, for Banta Corp., Banta Information Services Group.

Richard Francis O'Malley, Neil Hann Wyland, Stefanie Irwin Schenk, Sidley & Austin, Sheldon Karon, Marianne C. Holzhall, Chicago, IL, for Microsoft Corp.

Monica L. Thompson, Joseph H. Kim, Rudnick & Wolfe, Chicago, IL, Micahel D. Fitzgerald, Van Osdol, Magruder, Erickson & Redmond, PC, Kansas City, MO, for Amgraf, Inc.

Bradford D. Roth, Andrew James Kovarik, Cassiday, Schade & Gloor, Chicago, IL, for Graphics Products Corp.

William R. McGrath, Davis, Mannix & McGrath, Chicago, IL, for Solotype Typographers.

### *MEMORANDUM OPINION AND ORDER*

ANDERSEN, District Judge.

Plaintiff, Goes Lithography Company, filed a second amended complaint ("the Complaint") in this action against defendants alleging copyright infringement (Count One), trademark infringement (Count Two), unfair competition (Count Three) and a violation of the Illinois Deceptive Trade Practices Act, Il.Rev.Stat. Ch. 121 ½, Section 312. Defendants Banta Corporation ("Banta"), Banta Information Services Group d/b/a United Graphics Inc. ("United Graphics") and Amgraf each has filed a motion to dismiss Counts Two, Three and Four of the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6). In addition, Banta has filed a motion to dismiss Count One.

For the reasons stated herein, we grant the motion to dismiss Banta from Count One and the moving defendants' motions to dismiss Counts Two, Three and Four.

### BACKGROUND

The plaintiff's well-pleaded allegations, which we presume are true and view in a light most favorable to the plaintiff for pur-

poses of this motion areas follows. Plaintiff, an Illinois corporation located in Chicago, is in the printing and lithography business. (Compl. at ¶ 11). Plaintiff designs stock certificates and borders for certificates including the border at issue in this litigation known as "No. 793 Lithographed Bordered Blank." (*Id.*) Plaintiff obtained a copyright registration for this border ("the copyrighted border") on May 16, 1957 (Reg. No. K 49259) which was renewed on September 3, 1985 (Reg. No. RE 259 993). (*Id.* at ¶ 12.) According to plaintiff, all of its border blanks as well as any copies it published bear a copyright notice. (*Id.* at ¶ 13.)

Plaintiff alleges that it recently received a certificate that defendant Microsoft Corporation ("Microsoft") is sending to its customers to authenticate Microsoft's computer software. Plaintiff alleges that this certificate infringes plaintiff's copyrighted border. (*Id.* at ¶¶ 16–17.) Plaintiff further alleges that although Microsoft originally informed it that Banta provided the border to it, plaintiff later determined through its investigation that Banta's wholly-owned subsidiary, United Graphics, actually supplied the border to Microsoft. (*Id.* at "Background" and ¶ 20.) Plaintiff alleges that United Graphics had obtained the design for the certificate from a "clip art book" of certificates which defendant Graphics Products Corporation ("Graphics") had published. (*Id.* at ¶¶ 20–21.) Plaintiff further charges that Dan X. Solo, the principal and owner of defendant Solotype Typographers, personally took plaintiff's copyrighted certificate, enlarged it, redrew it with some minor changes, obliterated plaintiff's trademark and copyright and then supplied it in the "clip art book" to Graphics. (*Id.* at ¶¶ 22–24.) (Defendant Solotype admitted this in its Answer to plaintiff's Complaint.)

According to plaintiff, these allegations present four separate causes of action against the defendants. First, plaintiff charges that each defendant has violated its copyright though the copying, selling, marketing and distributing of plaintiff's copyrighted border in violation of the Copyright Act (17 U.S.C. § 101 *et seq.*). (Compl. at Count One.) Second, plaintiff alleges that defendants committed trademark infringement when at least one of defendants obliter-

ated plaintiff's trademark (plaintiff's name in an oval design), "thereby palming and passing off the products of Goes as those of defendants." (Compl., Count Two at ¶ 34.) Plaintiff alleges that this conduct has caused and will cause irreparable harm to it through the loss of potential revenue and confusion, mistake or deception in the minds of plaintiff's customers and potential customers. Plaintiff does not allege that this conduct violates a specific provision of the Trademark Act, but states that the conduct falls under that Act, 15 U.S.C. §§ 1051–1127. Plaintiff's allegations in Count Three are almost identical to those in Count Two except that plaintiff specifically alleges that defendants' actions constitute "unfair competition, unfair trade practices and false designations of origins" pursuant to 15 U.S.C. § 1125(a). Finally, in Count Four plaintiff alleges that the facts alleged in Counts One, Two and Three also give rise to an action under the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), Il.Rev.Stat. Ch. 121½, Section 312. Defendant Banta has moved to dismiss Count One though Four. Defendants United Graphics and Amgraf have moved to dismiss Counts Two, Three and Four.

### LEGAL STANDARD

. A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) does not test whether plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally and view the allegations in the light most favorable to the plaintiff. 821 F.2d 408, 410 (7th Cir.1987), *cert. denied sub nom. Faulkner v. Meriwether,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). Dismissal is properly granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1993) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). If the complaint fails, however, to allege a necessary element required to obtain relief, dismissal is in or-

der. *R.J.R. Services, Inc. v. Aetna Cas. and Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989). With these standards in mind, we now turn to the motions before us.

## DISCUSSION

### I. Count One–Copyright Infringement

Defendant Banta has moved to dismiss Count One because plaintiff has failed to allege sufficient facts to allege its liability for copyright infringement. Specifically, Banta argues that because plaintiff's Complaint concedes in its allegations that it was Banta's wholly owned subsidiary, United Graphics, and not Banta that provided the offending certificate to Microsoft, plaintiff's claim for relief is limited to a theory of vicarious liability against Banta, the parent. We agree that plaintiff has failed to state a claim against Banta in Count One.

In Count One, plaintiff concedes that it does not have a direct claim against Banta for copyright infringement because the Complaint clearly alleges that "it has been determined that the Microsoft "Certificate of Authenticity" was originally provided to Microsoft by Banta Corporation's wholly-owned subsidiary, United Graphics." (*Id.* at ¶ 20.) Thus although plaintiff's complaint also describes its original belief that Banta had provided Microsoft with the offending certificate in its "Background" to the allegations, plaintiff then specifically attributes this act to United Graphics in Count One. (*Id.*) Therefore, its only claim against Banta is that Banta is vicariously liable for the allegedly infringing acts of its subsidiary.

Parent corporations may be vicariously liable for the acts of their subsidiaries if it is established (1) that the parent has the right and ability to supervise its subsidiaries and (2) that the parent has a direct financial interest in the exploitation of the copyrighted materials, even in the absence of actual knowledge that the copyright is being infringed. *Shapiro, Bernstein & Co., Inc. v. H.L. Green Co. Inc.,* 316 F.2d 304, 307 (2d Cir.1963) (citations omitted). Plaintiff's Complaint does not contain any allegations that, if proven, would establish either prong of this test. The only allegation concerning Banta's relationship with United Graphics is that the latter is Banta's wholly-owned subsidiary.

Plaintiff nevertheless argues that *Broadcast Music, Inc. v. Hartmarx Corporation,* 88 C 2856, 1988 WL 128691 (N.D.Ill. Nov.17, 1988), stands for the proposition that the relationship of parent and wholly-owned subsidiary automatically satisfies the *Shapiro* test. This court does not read *Broadcast Music* as broadly as plaintiff. In that case, the court faced a motion for summary judgment. There was evidence before the court that Hartmarx had a direct financial interest in the exploitation of the allegedly infringing music because its subsidiary stores played that music to create a more attractive environment for its customers and thereby generate more profits for Hartmarx. The court reasoned that Hartmarx' ownership of these subsidiaries meant that it had an obvious and direct interest in the alleged exploitation of copyrighted materials. In addition, Hartmarx, and not its subsidiaries, refused plaintiff's demand that it license the copyrighted materials. *Id.* at *2. In this case, there are no facts alleged concerning Banta's financial interest in the allegedly infringing border, and we will not infer them from the alleged parent-subsidiary relationship alone. *Hartmarx* does hold that the existence of the parent-subsidiary relationship infers the parent's power to supervise and control the subsidiary's activities, even if that power is not in fact exercised. *Id.* However, many other courts have rejected *Hartmarx*'s analysis and we decline to adopt it here. *See, e.g., Banff Ltd. v. Limited, Inc.,* 869 F.Supp. 1103, 1110 (S.D.N.Y.1994); *Burdick v. Koerner,* 179 F.R.D. 573 (E.D.Wis.1998). Plaintiff must allege facts which show a continuing connection between the parent and the subsidiary to the infringing activities to make out a case for vicarious liability. *Banff,* 869 F.Supp. at 1110. Therefore, we will dismiss Count One as to Banta.

### II. Count Two–Trademark Infringement

Plaintiff alleges that defendants infringed its trademark, an oval containing its name that appears on all of its borders, when they reproduced the offending border without its trademark. (Compl. at ¶¶ 33, 34.) Plaintiff

does not cite any specific statutory violation in connection with Count Two, but simply alleges that defendants "passed off" its product as their own when they allegedly reproduced it, thereby causing consumer confusion. Plaintiff makes this identical charge in Count Three, but styles this activity as unfair competition under the Trademark Act, 15 U.S.C. § 1125(a). Defendants Banta, United Graphics and Amgraf each have moved to dismiss Count Two contending that trademark obliteration alone is insufficient to violate the Trademark Act. In addition, Banta argues that plaintiff has failed to allege facts sufficient to establish vicarious liability with respect to it.

■ The chief difficulty the court has with Count Two of the Complaint is that plaintiff has failed to specify what provision of the federal trademark laws it believes defendants have violated. (Compl. at ¶ 29.) Although defendants' conduct is described in some detail, plaintiff has not identified what part of the Trademark Act this conduct allegedly offends. In fact, as plaintiff recognizes in Count Three, these allegations may give rise to a claim for unfair competition pursuant to 15 U.S.C. § 1125(a) under the Trademark Act. In its response to defendants' motions, however, plaintiff argues that its border, even without the trademark, has acquired "secondary meaning" in the market and, therefore, reproduction of that border without its trademark constitutes trade dress infringement. However, as the moving defendants point out, Count Two is bereft of the requisite factual allegations to state a claim for trade dress infringement. A trade dress infringement is proven if a plaintiff shows (1) the plaintiff's trade dress is inherently distinctive or has acquired secondary meaning, (2) the plaintiff's trade dress is primarily nonfunctional and (3) the defendant's trade dress is confusingly similar, engendering a likelihood of confusion in the marketplace. *Storck USA, L.P. v. Farley Candy Co., Inc.,* 797 F.Supp. 1399, 1405 (N.D.Ill.1992) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992)). Plaintiff has alleged only the third element described above (consumer confusion) and, therefore, has not stated a claim for trade dress infringement in Count Two. In fact, this court cannot see

(and the plaintiff has not pointed out) any substantive difference between Counts Two and Three. We will therefore dismiss Count Two.

III. Count Three–Unfair Competition

■ Defendants Banta, United Graphics and Amgraf each argue that Count Three is preempted by the Copyright Act because it alleges "reverse passing off." Reverse passing off typically "occurs 'when a person removes or obliterates the original trademark, without authorization, before reselling goods produced by someone else.'" *Hoopla Sports and Entertainment, Inc. v. Nike, Inc.,* 947 F.Supp. 347, 351 (N.D.Ill.1996) (quoting *Web Printing Controls Co., Inc. v. Oxy–Dry Corp.,* 906 F.2d 1202, 1203, n. 1 (7th Cir. 1990)) (citations omitted). However, the concept of reverse passing off also may cover situations in which defendant markets a product directly derived from the plaintiff's product but mislabels that product to mask the product's origin. *Id.* at 352 (citations omitted.) As one court noted, the essence of the harm in a reverse palming [off] case is that the "originator of the misidentified product is involuntarily deprived of the advertising value of its name and of the goodwill that otherwise would stem from public knowledge of the true source of the satisfactory product." *Smith v. Montoro,* 648 F.2d 602, 607 (9th Cir.1981). Although plaintiff refused to concede this in its response to the motions to dismiss, Count Three does complain of "reverse passing off." The gravamen of Count Three is that defendants falsely designated the origin of the border when they reproduced it without the plaintiff's trademark and then marketed it under their own names. Plaintiff alleges that these actions caused harm to it " 'by diverting revenue from Goes which Goes would otherwise obtain through licensing, sale, leasing or production of the copyrighted works." (Compl. at ¶ 40.) The allegations of Count Three do state a claim for reverse passing off that ordinarily is cognizable under Section 1125(a) of the federal trademark statute. *See Hoopla Sports,* 947 F.Supp. at 352; *Gannett Satellite Information Network, Inc. v. Rock Valley Community Press, Inc.,* 93 C 20244, 1994 WL 606171, *3 (N.D.Ill. October 24, 1994); *F.E.L. Publi-*

cations v. National Conference of Catholic Bishops, 466 F.Supp. 1034, 1044 (N.D.Ill. 1978).

The moving defendants argue that, when a product allegedly is copyrighted, the federal copyright law preempts reverse passing off allegations under the trademark law. Defendants base this argument on a line of cases from the Second and Ninth Circuit which have limited a plaintiff's right to seek redress under the unfair competition prohibition in the federal trademark law when the subject matter has been copyrighted. See Lipton v. The Nature Co., 71 F.3d 464 (2d Cir.1995); Kregos v. Associated Press, 937 F.2d 700 (2d Cir.1991); Shaw v. Lindheim, 919 F.2d 1353 (9th Cir.1990). These courts reason that reproduction of copyrighted work necessarily means that the ownership of that work is misrepresented and consumers of the offending work are potentially confused as to its origin. They, therefore, hold that the remedy under the unfair competition law is redundant and unnecessary when relief is available under the Copyright Act.

■ The Seventh Circuit has not addressed this question. However, recent district court decisions within this circuit which have analyzed whether the federal copyright law preempts a claim under the Illinois UDPTA have held that the inherent misrepresentation that accompanies the unauthorized copying and reproduction of another's copyrighted work in a reverse passing off case without more is not enough to constitute a cause of action under the UDTPA. See Marobie–Fl, Inc. v. Nat'l Assoc. of Fire Equip. Distributors of Northwest Nexus, Inc., 983 F.Supp. 1167, 1180 (N.D.Ill.1997); Balsamo/Olson Group v. Bradley Place Ltd. Partnership, 950 F.Supp. 896, 898 (C.D.Ill.1997); FASA Corp. v. Playmates Toys, Inc., 869 F.Supp. 1334, 1362 (N.D.Ill.1994). We recognize that the federal copyright law has a specific preemption provision for state causes of action and, therefore, that the courts' opinions in these cases fall under that section. However, the federal cause of action for reverse passing off under Section 1125(a) is no different in its requisite elements than a state cause of action for unfair competition under the UDPTA. Pesina v. Midway Mfg. Co., 948 F.Supp. 40, 42 (N.D.Ill.1996). (Plaintiff apparently agrees—Count Four's

allegations under the UDPTA are identical to those made in Count Three for federal unfair competition.) Therefore, we find that Count Three merely restates the claim for copyright infringement in Count One and dismiss it.

Banta also advances the argument that, even if plaintiff has stated a cognizable claim under the unfair competition prohibition of the federal trademark law, plaintiff has not stated a claim for vicarious liability against Banta for the allegedly infringing activities of its subsidiary, United Graphics. Because the court has dismissed Count Three, the court need not reach this argument. However, we note that plaintiff's Complaint concedes that United Graphics and not Banta allegedly copied and produced the offending certificate to Microsoft. Banta's liability then would be established only if plaintiff alleges and proved facts which demonstrate that the two defendants have an actual or apparent partnership and have the authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product. Hard Rock Café Licensing Corp. v. Concession Services, Inc., 955 F.2d 1143, 1149 (7th Cir.1992). Count Three as presently drafted is bereft of these allegations.

IV.  Count Four–UDPTA

■ As noted above, plaintiff also alleges that defendants have violated the Illinois UDPTA through the reproduction of the offending certificate because these actions have falsely designated the origin of the product and have thereby caused confusion to consumers and resulting harm to plaintiff. The moving defendants argue that the elements of this cause of action are not qualitatively different from those presented in the copyright infringement action and, therefore, the UDPTA claim is preempted. It is well-settled that equivalent state causes of action are barred under the Copyright Act's preemption provision if the Act already protects those rights. 17 U.S.C. § 106. The Seventh Circuit has established a two-pronged test to determine whether a state law claim is equivalent to one protected by the Copyright Act. First, the court must find that the work in

which the right is asserted is fixed in tangible form and comes within the protection of the Copyright Act. Second, the court must find that the state right is equivalent to any of the rights specified in the federal copyright law. *Baltimore Orioles, Inc. v. Major League Baseball Players Assoc.*, 805 F.2d 663, 674 (7th Cir.1986), *cert. denied*, 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987). There is no dispute here as to the first prong—plaintiff has sued for copyright infringement. The court must therefore determine whether the action alleged under UDPTA is equivalent to the copyright action. To avoid preemption, the state law claim must incorporate an "extra element" that "changes 'the nature of the action so that it is qualitatively different from a copyright infringement claim.'" *Computer Associates Int'l, Inc. v. Altai Inc.*, 982 F.2d 693, 716 (2d Cir.1992) (quoting *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F.Supp. 1523, 1535 (S.D.N.Y.1985)).

■ Plaintiff argues that the extra element here is that defendants' misrepresentation regarding the certificate's true origin creates consumer deception cognizable under the UDPTA. Consumer deception does not need to be proved in an action for copyright infringement. Although certain decisions within this circuit lend support to this position, more recent decisions have rejected it. *Compare Gannett Satellite*, 93 C 20244, 1994 WL 606171 (N.D.Ill.1994); *Nash v. CBS, Inc.*, 704 F.Supp. 823, 833 (N.D.Ill.1989), *aff'd*, 899 F.2d 1537 (7th Cir.1990) *with Marobie–Fl, Inc.*, 983 F.Supp. at 1180; *Balsamo/Olson Group*, 950 F.Supp. at 898 and *FASA Corp.*, 869 F.Supp. at 1362. The later decisions correctly reason that an allegation of misrepresentation that is solely based in the alleged infringer's reproduction and sale of a work as its own creation does not qualitatively alter the nature of the infringement enough to remove the state claim from the preemptive scope of the copyright law. In other words, "consumer deception" inherently is present in any copyright action. In this case, plaintiff's claim alleges no more than that the defendants falsely designated the origin of plaintiff's work when they reproduced and sold it as their own. This would be true in any action where a copyright allegedly is infringed. We find, therefore,

that Section .106 of the Copyright Act preempts Count Four.

## CONCLUSION

For the reasons stated above, Count One is dismissed as to defendant Banta. We dismiss Counts Two, Three and Four as to all defendants for failure to state a claim upon which relief can be granted.